1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Shenzhen Ankou Technology Co., Ltd.,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>Kaz Europe Sàrl,<br><br>　　　　　*Defendant*. | **Case No. 2:26-cv-00800**<br><br>**Complaint For Declaratory Judgment**<br><br>**Jury Trial Demand** |

**COMPLAINT**

Plaintiff Shenzhen Ankou Technology Co., Ltd., d/b/a ANKOU OFFICIAL STORE ("Plaintiff" or "Ankou"), brings this action under the Declaratory Judgment Act against Kaz Europe Sàrl ("Defendant" or "Kaz Europe"), seeking a declaration that Plaintiff's Containers with Lids Airtight, identified by ASINs B0CGV66W52, B0B7WYBYR7, B0F4N4S9VQ, B0F4N3KG4Z, B0B7WZQ55V, B0F4N5BVLT, B09NZ7R42M, B0CGVBBJ5J, B0F4N6NK84, and B0CGV7KZYN (the "Accused Products"), do not infringe U.S. Patent No. 7,815,067 B2 (the "'067 Patent"), either literally or under the doctrine of equivalents, and/or that the '067 Patent is invalid.

-1-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1

**INTRODUCTION**

2      1.      Plaintiff Shenzhen Ankou Technology Co., Ltd. brings this action for declaratory

3  relief to resolve an actual and immediate controversy concerning U.S. Patent No. 7,815,067 (the

4  "'067 Patent"). In or about early February 2026, Defendant Kaz Europe Sàrl invoked Amazon's

5  Patent Evaluation Express ("APEX") process and asserted that Plaintiff's products identified by

6  Amazon Standard Identification Numbers ("ASINs") B0CGV66W52, B0B7WYBYR7,

7  B0F4N4S9VQ, B0F4N3KG4Z, B0B7WZQ55V, B0F4N5BVLT, B09NZ7R42M, B0CGVBBJ5J,

8  B0F4N6NK84, and B0CGV7KZYN (collectively, the "Accused Products") infringe claim 1 of

9  the '067 Patent. *See* Exhibit B.

10

11      2.      Defendant's infringement assertion is incorrect. Plaintiff's Accused Products do not

12  infringe and have not infringed the '067 Patent because they do not satisfy all limitations of the

13  asserted claim. Plaintiff therefore seeks a judicial declaration that its Accused Products do not

14  infringe the '067 Patent.

15

16      3.      Although Plaintiff's Amazon listings for the Accused Products remained active as

17  of the filing of this Complaint, Defendant's invocation of the APEX process has created an

18  immediate and substantial threat to Plaintiff's business. Under the APEX process, Plaintiff's

19  listings are subject to removal unless Plaintiff prevails in the evaluation or obtains judicial relief.

20  Because Amazon is a primary sales channel for Plaintiff in the United States, the threatened loss

21  of those listings would cause immediate and ongoing commercial harm. Declaratory relief is

22  therefore necessary to resolve the parties' dispute and to protect Plaintiff's ability to continue

23  marketing and selling the Accused Products.

24

**NATURE OF THE ACTION**

25

26

27

28

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

4. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as Plaintiff's Accused Products are subject to threatened removal from Amazon through the enforcement of the '067 Patent.

5. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '067 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

6. Plaintiff Shenzhen Ankou Technology Co., Ltd. is a Chinese company located in Shenzhen, China.

7. Upon information and belief, Defendant Kaz Europe Sàrl is a Swiss entity with its principal place of business at Route de la Chaux 4, Q-Center, 1030 Bussigny, Switzerland.

8. Upon information and belief, Defendant Kaz Europe Sàrl claims ownership of U.S. Patent No. 7,815,067 (the "'067 Patent") and has asserted that patent against Plaintiff's products through Amazon's Patent Evaluation Express ("APEX") process.

## FACTUAL BACKGROUND

9. Plaintiff Shenzhen Ankou Technology Co., Ltd. ("Ankou") markets and sells household products, including food-storage containers and related products, through e-commerce channels, including Amazon listings.

10. Defendant Kaz Europe Sàrl ("Kaz Europe") has asserted that certain products sold by Ankou infringe U.S. Patent No. 7,815,067 (the "'067 Patent"), entitled "Container with Sealable Lid."

-3-

11.    The APEX Agreement identifies Kaz Europe as the "Patent Owner" for an APEX evaluation concerning the '067 Patent, specifically claim 1, and identifies a set of Ankou Amazon listings by ASIN as accused products. *See* Exhibit B.

12.    The APEX Agreement further identifies Alex Waldrop, Assistant General Counsel for Helen of Troy, as the contact for the patent owner or its authorized representative, and lists Helen of Troy Limited and OXO International, Inc. as entities related to the patent owner. *Id.*

13.    Ankou executed the seller portion of the APEX Agreement on February 22, 2026 in order to participate in the Amazon process with respect to the accused ASINs identified there. *Id.*

14.    The APEX assertion against Ankou's products has created an immediate and concrete controversy regarding whether Ankou's products infringe the '067 Patent and whether Defendant may continue to assert the '067 Patent against Ankou's products and Amazon listings.

15.    The present dispute did not arise in isolation. Before asserting the '067 Patent against Ankou in the United States, Helen of Troy previously asserted related patent rights against Ankou in China concerning similar container-lid sealing technology.

16.    The Chinese patent asserted in those proceedings, Chinese Patent No. ZL200780011665.0 entitled "Container with a Sealable Lid," is a corresponding patent in the same invention family as the '067 Patent asserted in this action. The two patents share the same title, identify the same inventors and assignee, and contain substantially corresponding claim sets as to claims 1–16, which recite materially the same container-lid sealing technology, including a container body or housing, a cover or lid, a button, a seal member movable between compressed and uncompressed states, and a toggle mechanism that actuates the seal. The '067 Patent additionally includes claim 17. *See* Exhibit D.

-4-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

17.    In particular, Helen of Troy Limited filed a patent infringement action in the Shenzhen Intermediate People's Court against Ankou and Shenzhen Bailongqiao Technology Co., Ltd., concerning Chinese Patent No. ZL200780011665.0, titled "Container with a Sealable Lid," in Case No. (2017) Yue 03 Min Chu 1626. In that action, the Shenzhen Intermediate People's Court ultimately held that the accused Ankou products did not fall within the scope of the asserted Chinese patent claims and therefore did not infringe, and the court dismissed Helen of Troy's claims in full. *See* Exhibit E.

18.    Thereafter, Ankou initiated invalidation proceedings in China against that related Chinese patent. On January 23, 2018, the Patent Reexamination Board of the State Intellectual Property Office of the People's Republic of China issued Decision No. 34740 concerning Chinese Patent No. ZL200780011665.0, declaring claims 1–11 invalid while maintaining claims 12–16 in force. *See* Exhibit F.

19.    Decision No. 34740 addressed, among other issues, the scope and support for a claimed "toggle mechanism" limitation and concluded that certain claims were not adequately supported under the applicable Chinese patent-law standard. *Id.*

20.    Following the issuance of Decision No. 34740, Helen of Troy filed an administrative action in the Beijing Intellectual Property Court seeking to overturn that invalidation decision. That action was accepted under Case No. (2018) Jing 73 Xing Chu 6983, with Ankou participating as a third party. After proceedings in which Ankou appeared as a third party, the Beijing Intellectual Property Court entered judgment against Helen of Troy and upheld the challenged invalidation decision. *See* Exhibit G.

21.    After the Beijing Intellectual Property Court entered judgment, Helen of Troy further appealed to the Supreme People's Court of the People's Republic of China. That appeal

-5-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

was docketed as Case No. (2019) Zui Gao Fa Zhi Xing Zhong 147. On October 19, 2020, the Supreme People's Court rejected Helen of Troy's appeal, affirmed the lower court's judgment, and left in place the underlying invalidation ruling. *See* Exhibit H.

22.     These prior proceedings are relevant background because they show a continuing pattern of patent-related conflict concerning similar container-lid technology and related patent rights, culminating in the present assertion of the '067 Patent against Ankou.

23.     Ankou has not infringed and does not infringe the '067 Patent. Absent declaratory relief from this Court, Ankou will remain subject to continuing uncertainty, business disruption, and the threat of further enforcement based on Defendant's assertion of the '067 Patent against Ankou's products and Amazon listings.

## JURISDICTION AND VENUE

24.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 100 et seq. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

25.     An actual, immediate, and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's accused products infringe U.S. Patent No. 7,815,067 (the "'067 Patent"). Defendant has affirmatively invoked Amazon's APEX program and asserted that Plaintiff's Accused Products infringe claim 1 of the '067 Patent. The APEX Agreement identifies Kaz Europe Sàrl as the "Patent Owner" and Shenzhen Ankou Technology Co., Ltd. as the participating seller for those Accused Products.

26.     By executing and submitting the APEX Agreement to Amazon, Defendant created a real and immediate threat that Plaintiff's Amazon listings for the Accused Products will be removed from Amazon unless Plaintiff prevails in the APEX process or obtains judicial relief.

-6-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

Defendant's assertion of the '067 Patent through the APEX process has therefore created a substantial controversy of sufficient immediacy and reality to warrant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

27.     Defendant is a foreign entity and is not incorporated or headquartered in Washington. Nevertheless, this Court has personal jurisdiction over Defendant because Defendant expressly consented to the jurisdiction of the federal and state courts located in King County, Seattle, Washington in the APEX Agreement. The APEX Agreement further provides that it is governed by the laws of the State of Washington. *See* Exhibit B.

28.     This Court also has personal jurisdiction over Defendant because Defendant purposefully directed its patent-enforcement activities toward this District, and Plaintiff's claims arise directly out of those activities. Specifically, Defendant invoked Amazon's APEX enforcement process by submitting a patent infringement complaint and related APEX materials to Amazon, whose principal place of business is in Seattle, Washington. By doing so, Defendant knowingly engaged a Washington-based enforcement mechanism and intended that the operative effects of its conduct, including Amazon's administration of the APEX proceeding and the potential removal of Plaintiff's Accused Products from Amazon, would occur in this District. Defendant's forum-directed enforcement conduct creates sufficient minimum contacts with Washington, and the exercise of jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

29.     Alternatively, and to the extent Defendant Kaz Europe Sàrl contends it is not subject to the jurisdiction of the courts of general jurisdiction of any state, this Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal patent law, Defendant is a foreign entity headquartered in Switzerland, and

-7-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

1    exercising jurisdiction is consistent with the United States Constitution and laws because

2    Defendant has sufficient minimum contacts with the United States as a whole, including but not

3    limited to enforcing U.S. Patent No. 7,815,067 against products sold in the United States e-

4    commerce market and invoking U.S.-based patent enforcement mechanisms.

5    

6    30.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial

7    part of the events giving rise to Plaintiff's claims occurred in this District. Defendant's assertion

8    of the '067 Patent was made through Amazon's APEX process directed to Amazon in Seattle,

9    Washington, and the APEX proceeding threatening removal of Plaintiff's Accused Products is

10    administered through that Washington-based mechanism.

11    31.    Venue is also proper in this District because Defendant expressly agreed in the

12    APEX Agreement to the jurisdiction and venue of the federal and state courts located in King

13    County, Seattle, Washington.

14    **THE ACCUSED PRODUCTS**

15    32.    Plaintiff offers for sale on Amazon various food-storage container products

16    identified by ASINs B0CGV66W52, B0B7WYBYR7, B0F4N4S9VQ, B0F4N3KG4Z,

17    B0B7WZQ55V, B0F4N5BVLT, B09NZ7R42M, B0CGVBBJ5J, B0F4N6NK84, and

18    B0CGV7KZYN (collectively, the "Accused Products"). Amazon constitutes a primary sales

19    channel for Plaintiff in the United States, and Plaintiff depends on continued access to its Amazon

20    listings to market and sell those products. *See* Exhibit B.

21    33.    On or about February 4, 2026, Plaintiff received notice that Defendant had invoked

22    Amazon's APEX process with respect to the Accused Products. The APEX materials reflect that

23    the patent-owner portion of the APEX Agreement had been executed on February 2, 2026.

-8-

34.     On or about February 22, 2026, Plaintiff executed the seller portion of an APEX Agreement in response to an infringement assertion directed at the Accused Products. The APEX Agreement identifies the '067 Patent, specifically claim 1, as the asserted patent claim and identifies the Accused Products by the ASINs listed above. *Id*.

35.     In the APEX Agreement, Kaz Europe Sàrl is identified as the "Patent Owner," and Shenzhen Ankou Technology Co., Ltd. is identified as the participating seller. The patent-owner portion of the APEX Agreement was executed on February 2, 2026 by Brian Grass, identified therein as Managing Director and CFO. The APEX Agreement further identifies Alex Waldrop, Assistant General Counsel for Helen of Troy, as the contact for the patent owner or its authorized representative, provides the contact email address AWALDROP@HELENOFTROY.COM, and lists Helen of Troy Limited and OXO International, Inc. as entities related to the patent owner. The APEX Agreement also states that the patent owner is registered in Amazon's Brand Registry for, among other brands, OXO. Through the APEX process, Defendant has asserted that the Accused Products infringe claim 1 of the '067 Patent and has invoked Amazon's patent-enforcement mechanism against those listings. *Id*.

36.     Under the APEX process, Plaintiff's Amazon listings for the Accused Products are subject to imminent removal unless Plaintiff prevails in the APEX evaluation or timely obtains judicial relief. Defendant's assertion of the '067 Patent through the APEX process threatens Plaintiff's access to a primary U.S. sales channel and has caused and continues to cause immediate and ongoing harm to Plaintiff's commercial operations.

## U.S. PATENT NO. 7,815,067 B2

37.     Upon information and belief, Defendant Kaz Europe Sàrl claims ownership of U.S. Patent No. 7,815,067 B2 (the "'067 Patent"). *See* Exhibit A.

-9-

COMPLAINT

38.    The '067 Patent is entitled "Container with Sealable Lid." The face of the patent identifies the inventors as Tamotsu Matsumoto, Makiko Kida, and R. Kaneko, and identifies Helen of Troy Limited as the assignee.

39.    Upon information and belief, Defendant Kaz Europe Sàrl claims ownership of the '067 Patent by virtue of an assignment executed effective February 28, 2025, between Helen of Troy Limited, as assignor, and Kaz Europe Sàrl, as assignee. *See* Exhibit C.

40.    The Abstract of the '067 Patent describes, in general terms, a storage container including a housing with an open-top wall structure, a cover disposable to and from a closed position relative to the housing, and a seal that is movable between compressed and uncompressed conditions. The Abstract further states that the container includes a toggle mechanism coupled to a button and the seal for moving the seal between those conditions in response to alternate actuations of the button.

41.    The '067 Patent issued on October 19, 2010, and the face of the patent states that the patent term was extended or adjusted under 35 U.S.C. § 154(b) by 511 days. The '067 Patent contains 17 claims, of which claims 1, 12, and 17 are independent. Defendant has asserted claim 1 of the '067 Patent against Plaintiff's Accused Products in the APEX proceeding at issue here.

## COUNT I

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ONE OR MORE CLAIMS OF THE '067 Patent)

42.    Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

43.    An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant regarding whether Plaintiff's Accused Products infringe the '067 Patent. Defendant has

-10-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

asserted the '067 Patent against Plaintiff through the APEX program and has sought removal of Plaintiff's product listings from the Amazon marketplace.

44.    Plaintiff's Accused Products do not infringe any valid claim of the '067 Patent, either literally or under the doctrine of equivalents. *See* Exhibit I.

45.    Independent Claim 1 of the '067 Patent generally recites a storage container including:

(a) a housing defining a receptacle;
(b) a cover disposable on the housing;
(c) a push-push type button movably carried by the cover;
(d) a seal carried by the cover and shiftable between compressed and uncompressed conditions; and
(e) a toggle mechanism coupled to the button and the seal for effecting movement of the seal between those conditions in response to alternate actuations of the button.

46.    The Accused Products do not satisfy at least the limitations requiring a seal that is "shiftable between a compressed condition . . . and an uncompressed condition." As described in the '067 Patent and reflected in the specification and figures, the claimed invention requires the seal itself to undergo compression and decompression in order to engage and disengage the container wall.

47.    In contrast, the Accused Products employ a fundamentally different sealing mechanism. The Accused Products use a dome-shaped or dished sealing ring that moves radially outward to bring a sealing pad into contact with the inner wall of the container and radially inward to disengage from the wall. The seal in the Accused Products does not transition between compressed and uncompressed states. Rather, sealing occurs through radial displacement and positional engagement of the sealing pad, not through compression and decompression of the seal itself.

-11-

COMPLAINT

48.    Because the seal in the Accused Products is repositioned rather than compressed or decompressed, the Accused Products do not satisfy the "compressed condition" and "uncompressed condition" limitations of Claim 1. Nor do the Accused Products satisfy those limitations under the doctrine of equivalents, because they achieve sealing in a materially different way—through radial movement and positional engagement rather than compression and decompression of the seal itself. The absence of the claimed seal-state transition independently defeats infringement of Claim 1.

49.    The Accused Products also do not include the "toggle mechanism" required by Claim 1. Properly construed under 35 U.S.C. § 112(f), the term "toggle mechanism" is limited to the corresponding structures disclosed in the specification and their equivalents, because the claim language recites function without identifying a sufficiently definite structural arrangement for performing that function. The specification describes two corresponding structures for performing the claimed function: one uses a latch with heart-shaped cam surfaces and a pivoting pin carried by pivot arms, and another uses a latch, housing, and slider arrangement with cam surfaces.

50.    The Accused Products instead utilize a rotary ratchet indexing mechanism including a multi-tooth rotary member and ratchet ramps that convert vertical button movement into rotational indexing. That mechanism differs fundamentally from the disclosed cam-based toggle structures in at least three respects. First, it operates through rotational indexing rather than through a planar cam-follower path. Second, it transmits force through toothed engagement and rotational conversion rather than through sliding interaction between a cam follower and a cam surface. Third, it achieves state-switching through discrete angular indexing rather than through the constrained closed-loop movement of a pin or slider along a cam path. Accordingly, the Accused Products are not identical to, nor structural equivalents of, the toggle mechanisms

-12-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

disclosed in the patent. Under § 112(f), the structural equivalence standard is narrower than the doctrine of equivalents. Because the Accused Products are not structurally equivalent to the disclosed embodiments, they likewise do not infringe under the doctrine of equivalents. Nor are they equivalent under the doctrine of equivalents because the accused mechanism operates through materially different mechanical principles than the cam-based toggle structures described in the patent.

51.    Because the Accused Products lack at least the above limitations, the Accused Products do not infringe Claim 1 of the '067 Patent.

52.    Independent Claims 12 and 17 likewise include limitations requiring, in substance, the claimed seal-state transition and the claimed toggle-mechanism structure. For the same reasons set forth above, the Accused Products do not satisfy those limitations.

53.    Because the Accused Products do not infringe the independent claims of the '067 Patent, they also cannot infringe any dependent claims. See *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989).

54.    Defendant's assertion of the '067 Patent through the APEX program has created a substantial and immediate controversy regarding Plaintiff's right to continue selling the Accused Products.

55.    Unless this Court declares that the Accused Products do not infringe the '067 Patent, Plaintiff faces the imminent risk of removal of its product listings from Amazon and the resulting loss of a principal U.S. sales channel.

56.    Upon information and belief, the purported assignment of the '067 Patent from Helen of Troy Limited to Defendant Kaz Europe Sàrl effective February 28, 2025, was a strategic

COMPLAINT

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

attempt to insulate the patent owner from the prior adverse rulings in China concerning the sister patent.

57.     Despite actual knowledge that the core technology and claims had been severely limited and found not to be infringed by Plaintiff's products in prior adjudications, Defendant and its related entities intentionally weaponized Amazon's APEX program against Plaintiff in February 2026. This assertion was made in bad faith, without a reasonable pre-suit investigation, and with the primary intent of improperly disrupting Plaintiff's business operations on the Amazon platform.

58.     Plaintiff therefore seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that the Accused Products do not infringe any valid claim of the '067 Patent, either literally or under the doctrine of equivalents.

59.     Plaintiff is also entitled to recover damages caused by Defendant.

## <u>COUNT II</u>
## (DECLARATORY JUDGMENT OF INVALIDITY OF ONE OR MORE CLAIMS OF THE '067 PATENT)

60.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

61.     An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '067 Patent, as evidenced by Defendant's assertion of the '067 Patent against Plaintiff's Accused Products through Amazon's APEX program, as set forth above.

62.     One or more claims of the '067 Patent are invalid for failure to satisfy the conditions of patentability and/or otherwise comply with one or more provisions of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112, at least in view of

-14-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

the prior art identified below, as well as any additional prior art that may be revealed through further investigation, discovery, expert analysis, or claim construction.

63.    By way of example and not limitation, U.S. Patent No. 3,750,822 to Dubach ("Dubach") was issued on August 7, 1973, and therefore constitutes prior art to the '067 Patent. Dubach teaches a container closure comprising a cover, a guide rod and tensioning plate, and an annular elastic sealing member positioned between the cover and the tensioning plate. Dubach expressly teaches that the sealing member is compressed in an axial direction to expand radially and seal the container, and that manual actuation in the opposite direction releases the compression of the sealing member to contract that portion of the seal. In the embodiment of Figure 13, Dubach further discloses a push button and a control mechanism "such as is used in ball pens for retracting and pushing forward the writing cartridge," by which alternate depressions of the push button operate and reverse the mechanism so that the push button and sealing ring move between expanded sealing and returned released positions. Thus, Dubach is highly relevant to the cover, seal, push-button actuation, and alternate-actuation mechanism limitations of claim 1. This reference, either alone or in combination with other prior art, anticipates and or renders claim 1 of the '067 Patent obvious. *See* Exhibit J.

64.    By way of example and not limitation, Japanese Unexamined Patent Application Publication No. H10-245059 to Bowers ("Bowers") was published on September 14, 1998, and thus qualifies as prior art to the '067 Patent. Bowers teaches a sealing device for an open container having an elastic lower sealing member, an upper sealing member, an operating member, and a knob rotatably attached to the upper sealing member. Bowers further teaches that rotation of the knob causes the operating member to move from a first position, in which the outer edge of the lower sealing member is in sealing contact with the inner wall of the container, to a second position

-15-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

in which the central portion of the lower sealing member is moved downward to release the outer edge of the lower sealing member from the container wall and thereby unseal the container. In preferred embodiments, Bowers also discloses an axially movable plunger rod and cam track and cam follower arrangements for translating actuator movement into movement of the sealing member. Bowers therefore strongly teaches a storage-container cover and seal arrangement in which an actuator-driven mechanism shifts the sealing member between sealed and unsealed positions, even though the disclosed actuator is a rotary knob rather than a literal push-push button. This reference, either alone or in combination with other prior art, anticipates and or renders claim 1 of the '067 Patent obvious. *See* Exhibit K.

65.     By way of example and not limitation, U.S. Patent No. 6,869,114 to Ueki ("Ueki") was issued on March 22, 2005, and therefore constitutes prior art to the '067 Patent. Ueki teaches a latch device for engaging and releasing a striker by push-and-push operations. Critically, Ueki discloses the mechanical details of a push-push mechanism including generally heart-shaped cam grooves and a pin member whose projecting edges engage and trace the cam grooves such that a first push places the mechanism in an engaged position and a next push releases that engagement. Ueki therefore provides a clear teaching of a push-push type actuator and a toggle-like alternate-actuation cam mechanism, even though the disclosed structure is presented in the context of a latch device rather than a sealable food container. This reference, either alone or in combination with other prior art, anticipates and or renders claim 1 of the '067 Patent obvious. *See* Exhibit L.

66.     By way of example and not limitation, Japanese Unexamined Patent Application Publication No. 2004-238889 A to Ogasawara ("Ogasawara") was published on August 26, 2004, and thus qualifies as prior art to the '067 Patent. Ogasawara teaches a latch device for locking or opening a lid or box by pressing, and discloses a housing, a latch body movable in a pushing

-16-

direction and a removing direction, a latch arm for latching and releasing a strike, and cam means for alternately maintaining the latch body in a pushed-in state and a pulled-out state for each pushing operation. Ogasawara therefore expressly teaches a push-push latch architecture and a cam-based alternate-state mechanism responsive to successive pressing operations. This reference, either alone or in combination with other prior art, anticipates and or renders claim 1 of the '067 Patent obvious. *See* Exhibit M.

67.    By way of example and not limitation, U.S. Patent No. 5,405,038 to Chuang ("Chuang") was issued on April 11, 1995, and therefore constitutes prior art to the '067 Patent. Chuang teaches a vacuum food container having a storage container with an upper rim, a lid removably attachable to the storage container, and a protruding ring-shaped insulating wall attached to the lid and configured to contact the elevated lip of the storage container so as to provide an air-tight seal. Chuang further discloses a valve assembly attached to the lid and including a movable valve piece and a button connected to the valve piece such that pressure exerted on the button causes movement of the valve piece to uncover valve openings and release pressure from the container. Chuang is therefore relevant to the limitations concerning a storage container, a cover, a cover-mounted push-actuated button, and a sealed container arrangement, although the button in Chuang actuates a valve-release structure rather than the precise push-push seal-compression mechanism recited in claim 1. This reference, either alone or in combination with other prior art, anticipates and or renders claim 1 of the '067 Patent obvious. *See* Exhibit N.

68.    By way of example and not limitation, U.S. Patent No. 6,619,493 to Yang ("Yang") was issued on September 16, 2003, and therefore constitutes prior art to the '067 Patent. Yang teaches a sealable container comprising a container body and a cover having a peripheral seal gasket, where the cover includes a push button inserted through a through hole and a release

-17-

COMPLAINT

assembly including a housing, a membrane piece, a covering piece, and a follower. Yang further teaches that pressing the push button lowers a press block against a push portion of the follower, causing the follower to pivot about its pivot bars and pull the membrane piece upward so that outside air enters the container body to release the vacuumed state and permit opening of the cover. Yang is therefore relevant to the limitations concerning a sealed container with a cover-mounted push button and an internal mechanical linkage that translates button movement into movement of another component of the sealing and release assembly. This reference, either alone or in combination with other prior art, anticipates and or renders claim 1 of the '067 Patent obvious. *See* Exhibit O.

69.    By way of example and not limitation, U.S. Patent No. 5,147,059 to Olsen ("Olsen") was issued on September 15, 1992, and therefore constitutes prior art to the '067 Patent. Olsen teaches a container seal including a top panel with a central section and an annular lever section integrally joined by a living hinge, a depending side wall with a sealing concavity for receiving the container rim, and an annular fulcrum rib positioned to engage the container rim upon depression of the central section. Olsen further teaches that, when the central section is depressed, the lever section moves downward, the fulcrum rib engages the container rim, and the side wall swings upwardly to disengage from the rim outer edge or lip. Olsen therefore strongly teaches a cover- or lid-carried seal that shifts between a sealed condition and a released condition in response to downward user actuation through an integral lever-and-fulcrum structure. This reference, either alone or in combination with other prior art, anticipates and or renders claim 1 of the '067 Patent obvious. *See* Exhibit P.

70.    By way of example and not limitation, U.S. Patent No. 4,471,880 to Taylor ("Taylor") was issued on September 18, 1984, and therefore constitutes prior art to the '067 Patent.

-18-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

Taylor teaches a storage-container lid that is placed over a bowl rim and sealed by downward pressure applied to a medial center-press area of the lid. Taylor explains that the lid has sufficient beam strength to transfer the applied center pressure radially outward so that an outer flange flexes, slides, or cams over the bowl rim, and audibly snaps into final sealing position. When the center pressure is released, radial inward force draws the flange inward to effect a tight seal against the bowl rim. Taylor is therefore relevant to the limitations concerning a storage container, a cover disposable on the container, and a user-actuated center-press sealing arrangement in which downward actuation causes sealing engagement through mechanical deformation of the lid structure. This reference, either alone or in combination with other prior art, anticipates and or renders claim 1 of the '067 Patent obvious. *See* Exhibit Q.

71.    Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit.  Defendant's submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff by threatening removal of Plaintiff's Amazon listings for the Accused Products.

72.    A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '067 Patent.

73.    Plaintiff seeks a declaratory judgment that one or more claims of the '067 Patent are invalid under one or more provisions of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 102, 103, and or 112.

74.    Plaintiff is also entitled to recover damages caused by Defendant.

## COUNT III
## (TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY)

75.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

76.     Plaintiff has a valid business expectancy and ongoing, profitable economic relationships with Amazon and its customers regarding the marketing and sale of the Accused Products.

77.     Defendant had actual knowledge of Plaintiff's business relationships and expectancies on the Amazon platform.

78.     Defendant intentionally interfered with these relationships by submitting a baseless patent infringement complaint through Amazon's APEX program, knowing with substantial certainty that such action would result in the imminent suspension, removal, or severe disruption of Plaintiff's product listings.

79.     Defendant's interference was for an improper purpose and achieved through improper means, as Defendant asserted the '067 Patent in bad faith, with full knowledge of the prior adverse rulings regarding the materially identical technology, and without an objective, reasonable basis for alleging infringement.

80.     As a direct and proximate result of Defendant's tortious interference, Plaintiff has suffered and will continue to suffer damages, including but not limited to lost sales, loss of goodwill, reputational harm, and other economic losses in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.     For a declaration that Plaintiff's Accused Products do not infringe any valid claim of U.S. Patent No. 7,815,067;

-20-

Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

B.     For a declaration that one or more claims of U.S. Patent No. 7,815,067 are invalid under one or more provisions of the patent laws of the United States, including 35 U.S.C. §§ 102, 103, and or 112;

C.     For preliminary and permanent injunctive relief ordering Defendant to withdraw any Amazon infringement complaints asserted against Plaintiff's Accused Products based on U.S. Patent No. 7,815,067, and enjoining Defendant from reasserting U.S. Patent No. 7,815,067 against Plaintiff's Accused Products on Amazon;

D.     For a finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

E.     For pre-judgment and post-judgment interest as permitted by law; and

F.     Awarding Plaintiff such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: March 9, 2026

By: /s/ Ruoting Men
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104.
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiff***

-21-