UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Shenzhen Ankou Technology Co., Ltd.,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>Kaz Europe Sàrl,<br><br>Defendant / Counterclaim Plaintiff. | CASE NO. 2:26-cv-00800-JHC<br><br>**STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. PROTECTED MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: materials that are sensitive and whose disclosure may cause competitive or other harm, including non-public or proprietary financial information (such as company-wide revenues or profitability), operational data, business plans and forecasts, marketing strategies, customer and supplier information, competitive analyses, personal information (including employment or personnel records), non-public corporate communications (including internal memoranda, presentations, and reports), non-public regulatory filings or governmental correspondence, designs, drawings, test results, know-how, trade secrets, and other sensitive information that, if not restricted as set forth in this order, may subject the producing party to competitive or financial injury, or potential legal liability to a third party.

"Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged: extremely sensitive confidential information, the disclosure of which to another party or that party's employees could reasonably be expected to create a substantial risk of serious competitive injury that could not be avoided by a less restrictive designation, including trade secrets (such as unreleased products and designs), proprietary technical information (including product specifications, manufacturing processes, and quality-control protocols), non-public financial and sales information (such as product and category-level revenues, profit-and-loss statements, pricing data, costs, budgets), research and development information, competitive pricing and bidding strategies, non-public M&A or investment information, source code or proprietary engineering documents, individual customer-level analyses (such as per-customer or per-contract margin information), licensing and contractual terms, settlement or litigation strategy documents, and materials produced by non-parties subject to a heightened confidentiality agreement.

"Protected" material means material designated as either Confidential or Attorneys' Eyes Only under this Protective Order.

3. SCOPE

The protections conferred by this agreement cover not only Protected material (as defined above), but also (1) any information copied or extracted from Protected material; (2) all copies, excerpts, summaries, or compilations of Protected material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF PROTECTED MATERIAL

4.1 Basic Principles. A receiving party may use Protected material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's outside counsel of record in this action,

(b) two (2) in-house counsel for the receiving party to whom it is reasonably necessary to disclose the information for this litigation, provided that said in-house counsel has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and a copy of the signed Exhibit A has been provided to the producing party at least five business days in advance of the disclosure;

(c) outside experts and consultants to whom disclosure is reasonably necessary for this litigation and any personnel assisting the outside expert or consultant, provided that all such persons have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, jury, court personnel, and court reporters and their staff, as well as court reporters, stenographers, and videographers retained to record testimony taken in this action, to whom disclosure is reasonably necessary for this litigation;

(e) any mediator who is assigned or mutually agreed by the parties to hear this matter, and that mediator's staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(f) mock jurors or focus groups who have signed the "Acknowledgement and Agreement to Be Bound" (said signed acknowledgement for mock jurors or focus groups need not be provided to counsel for any other party);

(g) copy or imaging services retained by counsel to assist in the duplication of Protected material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected material to third parties and to immediately return all originals and copies of any Protected material;

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 Disclosure of "ATTORNEYS' EYES ONLY" Material. The receiving party may disclose "ATTORNEYS' EYES ONLY" material only to those persons authorized for disclosure under the foregoing Sections 4.2(a), (c)-(i).

4.4 Filing Protected Material. Before filing Protected material or discussing or referencing such material in court filings, the filing party shall confer with the designating party,

in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidentiality designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Protected material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.5 Providing Advice to Clients: Nothing in this Protective Order shall preclude any attorney from providing to their clients an evaluation of any Protected material produced or exchanged in this litigation, provided, however, that in rendering such advice and communicating with their client, said attorney shall not disclose the specific contents of any Protected material produced by another party if such a disclosure would be contrary to the terms of this Protective Order.

4.6 Notice of Proposed Disclosure to Outside Expert or Consultant: Before disclosure of Protected material or information to an outside expert or consultant, the party seeking to disclose the Protected material or information shall serve on all other parties: (i) the expert's current CV, (ii) an identification of the expert's current employer, and (iii) a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by that person, (iv) an identification of any work performed by that person for or on behalf of any party within the four-year period before the filing of this litigation, and (v) an identification of any work performed by that person in litigation matters within the four-year period before the filing of this litigation. This paragraph does not apply to disclosure of a party's own Protected material.

Within seven (7) days of receipt of this information, a party may object to the proposed outside expert or consultant on any reasonable basis. Any such objection shall be served on all parties and: (i) state the basis for the objection, (ii) identify the categories of Protected material to which the objection applies, (iii) state how the objecting party believes the disclosure may be harmful, and (iv) state why the objecting party believes the protections already afforded under this Protective Order would be inadequate to prevent the anticipated harm such that the objection is warranted.

If a party objects to the proposed disclosure to an outside expert or consultant within the time and in the manner required, the objecting party and the party proposing disclosure shall meet and confer within five business days to resolve the objection. If the objection is not resolved within this five day period, the objecting party may move the Court for an order preventing disclosure of the information to the designated outside expert or consultant within five days after the meet and confer, and the party proposing disclosure shall not disclose such information to its outside expert or consultant until either the five business days lapse or, if the objecting party makes a motion, until the Court rules on the motion. The objecting party bears the burden of proof to prevent disclosure to the outside expert or consultant. The parties will not oppose any party's request for expedited briefing on such an objection providing for no more than three days for a response brief and two days for a reply brief.

A party's failure to object to a disclosure of Protected material to an outside expert or consultant shall not preclude any party from later objecting to continued access to such material by that person, so long as the objection is made in a timely manner after acquiring knowledge of the facts providing the basis for the objection. Upon objection, no further Protected material shall be disclosed to the outside expert or consultant until the objection is resolved. If an objection is made, the procedure described above shall be used to resolve such objections.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). Natively-produced documents without pages (such as spreadsheets and video or audio files) may be designated by including the appropriate designation in the filename.

(b) Testimony given in deposition or in other pretrial proceedings: the parties

and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Attorneys' Eyes Only. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration

or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential or Attorneys' Eyes Only, as appropriate, until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected

material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Protected material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 1, 2026 — */s/ Daniel Moffett*
Attorneys for Plaintiff

DATED: October 1, 2026 — */s/ Ruoting Men*
Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: October 5, 2026.

John H. Chun
John H. Chun
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ____________________________________ [print or type full name], of ___________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _______________ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_________________________

City and State where sworn and signed:____________________________

Printed name:__________________

Signature: ____________________